**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**VICTOR JOSE DIAZ-MOLINA** **PETITIONER**

**V.** **CIVIL ACTION NO. 3:24-cv-686-CWR-LGI**

**UNITED STATES OF AMERICA,**
**WARDEN UNKNOWN CHILDRESS** **RESPONDENTS**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while incarcerated at the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi. Petitioner challenges the Bureau of Prison's ("BOP") calculation of his sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194-249 (2018) ("FSA"). Respondent contends the petition should be dismissed for failure to exhaust administrative remedies, or alternatively, on the merits.

The Court takes judicial notice of the Bureau of Prisons website, which reflects that Petitioner was released on June 20, 2025. However, the docket reflects that Petitioner has not provided this Court with a current address since his release from BOP custody and has not communicated with the Court since March 2025. The Court's last mailing, in fact, was returned as undeliverable with the notation "Person No longer Here."

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp*., 494 U.S. 472, 477 (1990) (citation omitted). The "case or controversy" requirement subsists throughout the case

during all stages, and a case becomes moot if it no longer presents a case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Lewis*, 494 U.S. at 477-78). Generally, any set of circumstances eliminating the controversy after the lawsuit is filed renders the case moot. *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). Given the evidence as stated, the undersigned submits that this case no longer presents a live case or controversy, and the petition, which seeks an early release, should be denied as moot.

Although Petitioner was in custody when he filed the petition, he has not made the requisite showing since his release from custody. Consequently, he has not shown that his petition presents a concrete and continuing injury for this Court to retain jurisdiction.

The instant petition also faces dismissal for failure to comply with the requirement under the Local Rules to maintain a current address with the Court. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (explaining that, under Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss an action for failure to prosecute or for failure to comply with a court order) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Even if a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See* Local Rule 11(a); *Wade v. Farmers Ins. Grp.*, 45 F. App'x 323 (5th Cir. 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute—even incarcerated litigants must inform the court of address changes).

Given Petitioner's failure to demonstrate a continuing injury since his release, his failure to maintain a current address with the clerk of the court, and the apparent mootness of his claim, the undersigned recommends that the instant petition be dismissed for the reasons stated here. Alternatively, if Petitioner files a timely objection to this Report and Recommendation, demonstrating that his claims were not rendered moot by his release from custody, he should be allowed to proceed with his claims.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on August 20, 2026.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE